Argued and submitted September 25, 1991, affirmed April 22, 1992

Donald W. SLEDGE,
*Appellant,*

*v.*

OREGON PUBLIC EMPLOYES
RETIREMENT BOARD
and Oregon Public Employes
Retirement System,
*Respondents.*

(90C-10542; CA A66325)

829 P2d 1037

Jay R. Jackson, Salem, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondents. With him on the

brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Appellant appeals from a summary judgment in this circuit court review of an order of the Public Employes Retirement Board that determined his retirement benefits. We affirm.

No facts are in dispute. PERS calculated appellant's monthly retirement allowance to be $1,978.95, which includes a base monthly benefit plus 2 adjustments. Appellant does not disagree with the amount of his base monthly benefit or with one of the adjustments. He contends only that PERS misinterpreted the statute, ORS 237.197(12), that requires an adjustment for his participation in the variable annuity program. PERS based the adjustment only on contributions that appellant made to the variable annuity account after 1981. That resulted in an additional monthly benefit of $14.89. Appellant argues that the adjustment should be based on all of the contributions that he made to that account in his years of employment.[1] That would result, instead, in an additional monthly benefit of $104.22.

ORS 237.197(12), which was enacted in 1981, provides:

"Notwithstanding any other provision of ORS 237.001 to 237.315, the retirement allowance to which a person who is a member of the system and who has an account in the Variable Annuity Account * * * and whose effective date of retirement is August 21, 1981,[2] or later, is otherwise entitled under ORS 237.001 to 237.315 shall be subject to the following adjustment:

"(a) The board shall determine the difference between the total account of the member in the system and what the total account of the member would have been had the member not participated in the variable annuity program on or after August 21, 1981 * * *.

---

[1] Appellant was a member of the retirement system before 1981, and he retired after the statute was enacted.

[2] PERS uses January 1, 1982, for calculations, rather than August 21, 1981, because an election to contribute or cease to contribute to the variable annuity account becomes effective after December 31 of the year of the election. ORS 237.197(4). The bill that enacted ORS 237.197(12), as passed, did not provide a specific calculation date, but said "on or after the effective date of this 1981 Act." Or Laws 1981, ch 761, § 6. The statute was amended in 1991 to replace "August 21, 1981," with "January 1, 1982."

"(b)    If the total account of the member due to participation in the variable annuity program * * * is greater, the monthly retirement allowance of the member shall be increased by the value of the difference, using the annuity tables applicable to the plan selected by the member.

"(c)    If the total account of the member due to participation in the variable annuity program * * * is lesser, the monthly retirement allowance of the member shall be decreased by the value of the difference, using the annuity tables applicable to the plan selected by the member."

The parties focus their arguments on statutory construction and legislative intent. Appellant argues that the 1981 amendments to the Public Employes' Retirement Act, Or Laws 1981, ch 761, were intended to increase retirement benefits to "encourage early retirements and lessen agency personnel layoffs." PERS does not dispute that, nor do we. *See* ORS 237.197(1). However, the section at issue here was not intended only to increase benefits. That is apparent from ORS 237.197(12)(c), which requires a *decreased* monthly benefit if a retiree's variable annuity account is worth less than it would have been had the retiree contributed only to the regular account.

ORS 237.197(12) was only one part of a major revision of the act. Before, the employee retirement plan included a refund annuity funded by employee contributions and a nonrefund life pension funded by employer contributions. ORS 237.147(1) (*since amended by* Or Laws 1981, ch 761, § 1); ORS 237.147(2)(a)(D) (*since amended by* Or Laws 1981, ch 761, § 4). Participants had the option of directing all of their contributions into a fixed rate account or directing a portion into a variable account of which the value would fluctuate with actual market variations. ORS 237.197(1), (3); ORS 237.277(2). A participant's "total account" is the sum of contributions and earnings.

A member of the system who retired before the 1981 amendment became effective was entitled to a retirement allowance calculated under either of 2 plans. Both plans provided a pension and an annuity. The "pension plus annuity" plan provided a minimum retirement benefit, based on the employee's salary and years in service. The monthly pension was equivalent to one percent of the employee's final

average salary (FAS) multiplied by the total years of membership in the system. The monthly annuity was calculated by multiplying the employee's account balance at the time of retirement by an annuity factor. Under the alternate "money match" plan, the employee's account balance at the time of retirement was multiplied by the annuity factor to arrive at the monthly annuity, and the employer matched that amount in a monthly pension payment.

The 1981 amendments created a new method of calculating the retirement allowance, called the "full formula method." Under it, a base pension is calculated as 1.67 percent of FAS multiplied by the number of years of membership in the system. ORS 237.147(2). Adjustments are then added as provided under ORS 237.197(12), the statute at issue here.

PERS calculated appellant's retirement allowance under all 3 methods:

*Pension plus annuity*

| | |
|---|---:|
| FAS $3,511.95 × .01 × 33 yrs service = | $ 1,158.94 |
| Acc. Bal. $97,740.45 × Annuity factor .00786 = | + 768.24 |
| Monthly retirement allowance TOTAL | $ 1,927.18 |

*Money Match*

| | |
|---|---:|
| Acc. Bal. $97,740.45 × Annuity factor .00786 = | $ 768.24 |
| Employer match = | + 768.24 |
| Monthly retirement allowance TOTAL | $ 1,536.48 |

*Full Formula Method*

| | |
|---|---:|
| FAS $3,511.95 × .0167 × 33 yrs service = | $ 1,935.44 |
| $1,894.52 × Annuity factor .00786 = | + 14.89 |
| Adjustment not at issue here | + 28.62 |
| Monthly Retirement Allowance TOTAL | $ 1,978.95 |

It selected from those the method that would provide appellant the highest value.

■ Appellant argues that the plain language of the statute requires PERS, first, to calculate "the total account of the member in the system" at the time of retirement by computing the value of the total variable account on the basis of

contributions since the beginning of his participation in the variable annuity program. He is correct. That is $97,740.45. He also argues that, to arrive at "what the total account of the member would have been had the member not participated in the variable annuity program on or after [January 1, 1982]," PERS must calculate what appellant's total account would have been if he had *never* participated in the variable annuity program, that is, $84,480.30. The plain language of the statute does not support that. What it says is that PERS must compute the value of *all* contributions made before January 1, 1982, and add to that the value of contributions he would have made to the regular account after December 31, 1981, if he had not contributed to the variable annuity account. The figures are:

$ 85,179.65   (value of all contributions as of 12/31/81)

+ 10,666.28   (contributions appellant would have made to the regular account on or after 1/1/82)

$ 95,845.93   (value of total account had appellant not contributed to the variable annuity account on or after 1/1/82)

PERS must then calculate the difference between the actual total account value and what that value would have been without the variable account contributions made on or after January 1, 1982:

$ 97,740.45   (actual total account value)

− 95,845.93   (value of total account had appellant not contributed to the variable annuity account on or after 1/1/82)

$ 1,894.52   (difference)

That difference multiplied by the annuity factor produces:

$$\$1,894.52 \times .00786 = \$14.89$$

That is the correct adjustment. That PERS did not use account totals in its calculations made no difference in the

result. It merely simplified the algebraic formula that the statute spells out.[3]

Appellant does not lose the benefits of his participation in the variable annuity program before the 1981 revision. If either of the pre-1981 plans provided more benefits to him, he could select that plan. The full formula plan simply creates a floor, below which losses from participation in the variable annuity program before 1981 cannot fall. To apply the adjustment factor to variations in the performance of a variable annuity account before the effective date of the statute would provide appellant a double benefit.

■ Appellant also argues that the PERS order violates ORS 183.470, because it did not contain findings of fact and conclusions of law. That statute applies only to "orders in contested cases." This is not a contested case. ORS 183.310(2).

Affirmed.

---

[3] Let $A$ = total contributions to the variable annuity account; let $x$ = contributions to the variable annuity account after December 31, 1981, to the date of retirement; and let $y$ = contributions that would have otherwise been made to the regular account after December 31, 1981. The statutory formula is:

$$.00786 \, [A - (A - x + y)] =$$
$$.00786 \, (A - A + x - y) =$$
$$.00786 \, (0 + x - y) =$$
$$.00786 \, (x - y)$$

Perhaps what causes appellant's confusion is that PERS saw fit to reveal only the last expression when it explained how it had calculated the total monthly allowance.